

# CODE ENFORCEMENT BOARD MEETING MINUTES

Pursuant to due notice, the regular meeting of the Code Enforcement Board of the City of Altamonte Springs, Seminole County, Florida was held at 225 Newburyport Ave in said City on April 11, 2019.

**The meeting was called to order by Chairman Mosley at 7:00 PM**

READING OF CHAIRMAN'S STATEMENT
ROLL CALL

| Board Members | Yes or No | Staff | Yes or No |
|---|---|---|---|
| Chairman Mosley | Yes | Mary Sneed<br>Board Attorney | Yes |
| Connie Bays | Yes | Chris Ulmer,<br>Deputy City Clerk | Yes |
| Bill Phillips | Yes | Angie Apperson,<br>City Clerk | Yes |
| Fred Delemos | Absent Excused | Bill VanHorn,<br>Code Enforcement Officer | No |
| David Scott | Yes | Will Andreone,<br>Code Enforcement Officer | No |
| Michael Brunscheen | Yes | Glenn Phillippi,<br>Fire Marshal | No |

**OTHER STAFF PRESENT:** David Frias, Ed Conklin, Todd Thomas, Tom Dalton and Tony Apfelbeck.

SWEARING IN OF PERSONS TESTIFYING

1. <u>CONSENT AGENDA</u>

    **A. APPROVAL OF MINUTES: March 14, 2019**

    **B. REQUEST FOR CONTINUANCE: May 9, 2019**

<span style="color:red">**Case No. 18-1789**            **FRED J. AND SYLVIA PUPEK,**
                                    **SUBJECT PROPERTY: 525 APPLEWOOD AVE**</span>

<span style="color:red">**Case No. CRES 0108 2019**   **BELKAY CONSTR LLC**
                                    **SUBJECT PROPERTY: 662 SHERWOOD CT.**</span>

**Motion** by Mrs. Bays, seconded by Mr. Scott, to accept the Consent Agenda as stated. The **motion** carried unanimously.

2. **NEW MATTERS**

**Case No. CCOM-0057-2019    WEKIVA BEND CONDO ASSN INC**
**SUBJECT PROPERTY: 170 RIVERBEND DR.**
Violation(s) Cited: LDC code(s) 3.3.1.6
Description of Violation(s): Construction of Retaining wall without permit.
Assigned To: David Frias

Representing the Respondent, Jason Vermilya (contractor) and HOA Board member Pedro Leon, addressed the Board. In addition, there were several other condo owners/HOA Board members in the audience. Code Officer Frias presented the case details and provided testimony and evidence that established the property ownership and that proper service was provided for the Notice of Code Violation and for the Notice of Hearing.

Officer Frias' testimony included the following:

| Notice of Code Violation - Date Sent | February 26, 2019 |
|---|---|
| Notice of Code Violation – Compliance Date | March 6, 2019 |
| Date of follow-up inspection and results | March 6, 2019, in violation, no permits issued. |
| Inspection results on day of Hearing | April 11, 2019. In violation. |
| Officer's Request to the Board | Find the Respondent in violation, order a compliance date of July 11, 2019 and that the Board's order be recorded. For compliance, the Respondent must obtain Building and Waterfront Improvement Permits and pass all final inspections. If found in violation after July 11, 2019, a fine of $100 per day be issued until compliance is met. In addition, he asked for the City to be awarded $250 in prosecution costs. |

Mr. Frias cited the code in violation, provided photographic evidence of the violations and testified that on July 11, 2018 he investigated a compliant for a retaining wall being installed without a permit. Mr. Frias found the work being done in violation and issued a Stop Work Order. Mr. Frias also emailed the contractor and informed him that a Building and Waterfront Improvement Permits are required for the retaining wall. As of April 11, 2019, no permits have been issued for the retaining wall.

Jason Vermilya, a General Contractor representing the Respondent, addressed the Board and stated that they do have an engineer working on the project but have not finalized the plans. Mr. Vermilya stated that he has been in communications with St. Johns River Water Management, and that the existing wall was washing out and undermining the building. Mr. Vermilya stated that he was informed of an exemption (Florida Statute 403.813) by St. Johns Water Management, which is why they proceeded to install a seawall. As the result of the Stope Work Order, he now knows of the City's requirements. Pedro Leon, an Association Board Member, addressed the Board and explained that he understands the City's requirements, but the Association does not own the River, so why do they have to make a request to the State. Mary Sneed, the Board Attorney, asked Mr. Leon if he agreed with their contractor that July was a reasonable timeframe for completion, which Mr. Leon agreed that it was.

Bill Phillips stated that although he was sympathetic to the Contractor, they have to go by the rules, and it appears there was work being done without a permit. The Board discussed the time frame of the violation, and Mr. Frias stated it has been going on for 9 months. Tony Apfelbeck, Director of the Building Fire Safety Department, addressed the Board and stated that the City is willing work with the Association and if more time is needed for compliance, and they are working diligently towards compliance, they could come back and ask for more time. Mr. Apfelbeck stated that the July time frame is reasonable and clarified that the City has not had any communications with St. Johns River Water Management about the seawall. Mr. Apfelbeck stated that city permits are only applicable to the City of Altamonte Springs, but there may be other regulatory requirements by the state, national or even local level and obtaining the services of an engineer helps address the entire scope of the project.

**Motion** by Mr. Brunscheen, seconded by Mrs. Bays, in case CCOM-0057-2019, to find the Respondent is in violation as cited. The Respondent is ordered to correct the violation on or before July 11, 2019. In the event the Respondent does not comply with this Order, a fine of $100 will be imposed for each and every day the violation continues past the aforestated date. In addition, the City has incurred expenses of $250, in prosecuting this case and Respondent is hereby ordered to pay said amount to the City. The Respondent is further ordered to contact the City of Altamonte Springs Code Enforcement Officer to verify compliance with this Order. The **motion** carried unanimously.

**Case No. CRES-0090-2019**     **KEITH B PRATHER & ELAINE D BACKSCHEIDER**
**SUBJECT PROPERTY: 645 BIRCH BLVD**
Violation(s) Cited: LDC code(s) 3.3.1.6
Description of Violation(s): Performing work without permit.
Assigned To: Todd Thomas

Keith B. Prather, representing the Respondents, was present. Code Officer Thomas presented the case details and provided testimony and evidence that established the property ownership and that proper service was provided for the Notice of Code of Violation and for the Notice of Hearing.

Officer Thomas' testimony included the following:

| Notice of Code Violation - Date Sent | January 4, 2019 |
|---|---|
| Notice of Code Violation – Compliance Date | February 4, 2019 |
| Date of follow-up inspection and results | February 18, 2018, in violation |
| Inspection results on day of Hearing | April 11, 2019, in violation |
| Officer's Request to the Board | Find the Respondent in violation, order a compliance date of May 13, 2019. For compliance the Respondent must obtain a Building Permit for the shed and pass all final inspections. If found in violation after May 13, 2019, a fine of $100 per day be issued until compliance is met. |

Mr. Thomas cited the code in violation and testified that on December 4, 2018 he visited the property as a result of a complaint received by the Building Department. Mr. Thomas stated that he found work being performed without a permit and issued a Stop Work Order. Mr. Thomas stated that on December 31, 2018 Mr. Prather submitted an Building Permit application, and on January 7, 2019 the City provided Plan Review Comments back to the Respondent that noted the shed was built in an easement and there were lot coverage issues. Mr. Thomas indicated that there was communications between the City and the Respondent concerning the permit submittals, and that the Respondent also requested a continuance that resulted in the case being continued from March to April 2019.

Mr. Prather was sworn in by the Board Attorney. Mr. Prather stated that they bought the house on June 29, 2018 and were replacing the shed that was damaged from a fallen tree. Mr. Prather stated that the shed is being replaced in basically the same spot, and does not have an issue with moving it, but cannot obtain a permit because of the lot coverage problem. The Board discussed the moving of the shed and if it would meet code. The Building Official, Tom Dalton, introduced himself and explained he could not answer that question because the survey does not show where the shed would be moved to. In addition, the survey showed it was over the allowable lot coverage. The Respondent resubmitted the survey with whited out concrete, but did not indicate that it would be removed so that when the Inspector performs the inspection, he may not be able to match up the survey to the property.

When asked by the Board if he intended to remove the concrete to meet the lot coverage, Mr. Prather stated he did not want to remove it. He did not install it and bought the property as-is. Mr. Phillips stated he understood the situation, but the Code Enforcement Board does not have the authority to grant a variance and was there to determine if there was a code violation. Mr. Prather stated that there were other properties in violation, and the Board Attorney stated that he can report the other

situations to Code Enforcement.  The Board Attorney stated that lot coverage and setbacks are not within the Code Enforcement Board's jurisdiction, and they could only determine if there is a code violation.

**Motion** by Mr. Phillips, seconded by Mr. Scott, in case CRES-0090-2019, to find the Respondent is in violation as cited. The Respondent is ordered to correct the violation on or before May 13, 2019. In the event the Respondent does not comply with this Order, a fine of $100 will be imposed for each and every day the violation continues past the aforestated date. In addition, the City has incurred expenses of $250, in prosecuting this case and Respondent is hereby ordered to pay said amount to the City. The Respondent is further ordered to contact the City of Altamonte Springs Code Enforcement Officer to verify compliance with this Order. Mrs. Bays asked if this would be situation for a variance, and Tom Dalton stated that he could not answer that.  It most cases, the variance is requested before the structure is built, not after.  Mr. Prather asked if he could get a Building Permit for the shed, and Tom Dalton stated that the lot coverage issue would still need to be resolved.  The **motion** carried 4 to 1 with Mrs. Bays voting no.

\*\*\*   3.   **IMPOSING FINE**

Case No. 18-1796    **CAROL G. EDWARDS**
**SUBJECT PROPERTY: 253 ROBIN CT.**
Violation(s) Cited: Land Development Code 3.3.1.6
Building & Fire Safety (Conklin)
Description of Violation(s): Improvement of property without a permit.
Assigned To: Ed Conklin

Mitch (son) and Carol Edwards were present.  Code Officer Conklin presented the case details and provided testimony and evidence that established the property ownership and that proper service was provided for the Notice of Hearing.

Officer Conklin's testimony included the following:

| Initial Hearing Date | September 13, 2018 |
|---|---|
| Board Order | Found in violation of LDC 3.3.1.6, ordered a compliance date of December 13, 2018, a fine of $100 until compliance and pay $250 in prosecution costs |
| Inspection results on day of Hearing | April 11, 2019, in violation |
| Officer's Request to the Board | Impose the daily fine of $100 per day that started on December 13, 2018, include the $250 in prosecution costs and $18.50 in recording fees. |

Mr. Conklin provided a summary of the case and stated that the Respondent was found in violation for improving the property without the required permits.  Mr. Conklin stated that a Notice of Code Violation was sent to the Respondent with a June 22, 2018 compliance date.  A follow up inspection on June 22, 2018 found the Respondent still in violation and Mr. Conklin requested a Hearing with the Code Enforcement Board.  The Code Enforcement Board found the Respondent in violation and a fine began to run as of December 13, 2018.  The Respondent has been violation for 119 days, and the fine amount as of April 11, 2019 is $11,900.

Mitch Edwards stated that his legal counsel and engineer could not make it, and he would like to have a continuance, but if not granted he would state their side.  Tony Apfelbeck addressed the Board and stated that the City would be in opposition of the request for continuance.  The case has been going on since January 2018; is at the Imposing Fine stage and there has not even been a permit issued to date.  The work that was done without a permit is along the water, impedes on the neighbor's property and in the easement.  Mr. Apfelback stated the City is requesting to Impose the Fine and, once the Respondent does come into compliance, there could be other discussions about the fine at that time.  The Board Attorney asked the Respondent to state his name for the record, and he replied Troy Edwards, Carol Edwards' son.  Mr. Edwards stated the original dock and boathouse was approved in 1989, permit 89-00675, which was provided to the City.  Tom Dalton stated that the case has already been litigated.  Mr. Dalton stated that there was a permit for a boat dock, not a boat house, it received a framing inspection, but never received a final inspection.

**Motion** by Mrs. Bays, seconded by Mr. Brunscheen, in case 18-1796, to find the Respondent failed to comply with this Board's Order of September 13, 2018 and move to impose a fine against the Respondent as set forth in the Board's original

Order.  The fine shall accrue until compliance, include City prosecution costs of $250 as previously ordered, plus an additional $18.50 in recording fees. The **motion** carried unanimously.

4. **DISCUSSION** - None

5. **ADJOURNMENT**

Chairman Mosley adjourned the meeting at approximately, 7:47 P.M.

Submitted by Deputy City Clerk, Chris Ulmer.



CITY OF ALTAMONTE SPRINGS  
COMMISSION CHAMBERS

APRIL 11, 2019  
7:00 P.M.

## CODE ENFORCEMENT BOARD AGENDA

READING OF CHAIRMAN'S STATEMENT  
ROLL CALL  
SWEARING IN OF PERSONS TESTIFYING

1. **CONSENT AGENDA**

   A. APPROVAL OF MINUTES: March 14 2019

   B. REQUEST FOR CONTINUANCE: May 9, 2019

   Case No. CRES-0108-2019   BELKAY CONSTR LLC,  
   SUBJECT PROPERTY: 662 SHERWOOD CT.

   Case No. 18-1789   FRED J. AND SYLVIA PUPEK,  
   SUBJECT PROPERTY: 525 APPLEWOOD AVE

2. **NEW MATTERS**

   Case No. CCOM-0036-2019   ENJOY DAYTONA I LLC  
   SUBJECT PROPERTY: 290 S SR 434  
   Violation(s) Cited: LDC code(s) 8.3.1, 8.3.2(a c) and 8.3.3 & 8.3.3.3(a d)  
   Description of Violation(s): West Town Corners/Back Yard Burgers - Four palm trees without a permit.  
   Assigned To: William Andreone

   Case No. CCOM-0057-2019   WEKIVA BEND CONDO ASSN INC  
   SUBJECT PROPERTY: 170 RIVERBEND DR.  
   Violation(s) Cited: LDC code(s) 3.3.1.6  
   Description of Violation(s): Construction of Retaining wall without permit.  
   Assigned To: David Frias

   Case No. CRES 0090 2019   KEITH B PRATHER & ELAINE D BACKSCHEIDER  
   SUBJECT PROPERTY: 645 BIRCH BLVD  
   Violation(s) Cited: LDC code(s) 3.3.1.6  
   Description of Violation(s): Performing work without permit.  
   Assigned To: Todd Thomas

3. **IMPOSING FINE**

   Case No. 18-1796   **CAROL G. EDWARDS**  
   SUBJECT PROPERTY: 253 ROBIN CT.  
   Violation(s) Cited: Land Development 3.3.1.6  
   Building & Fire Safety (Conklin)  
   Description of Violation(s): Improvement of property without a permit.  
   Assigned To: Ed Conklin

Code Enforcement Board Agenda – April 11, 2019
Page 2 of 2

## 4. DISCUSSION

## 5. ADJOURNMENT

Persons with disabilities needing assistance to participate in any of these proceedings must contact the City Clerk Department ADA Coordinator 72 hours in advance of the meeting at 407-571-8117 (Voice) or 407-571-8126 (TDD).

Persons are advised that if they decide to appeal any decision made at these hearings/meetings, they will need to ensure that a verbatim record of the proceedings is made which includes the testimony and evidence upon which the appeal is to be based per Chapter 286.0105, Laws of Florida. The City of Altamonte Springs does not provide this verbatim record.